IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3195-D

| | | |
|---|---|---|
| HENRY CLIFFORD BYRD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LESLIE COOLEY DISMUKES, | ) | |
| | ) | |
| Defendant. | ) | |

On September 2, 2025, Henry Clifford Byrd, Sr. ("Byrd" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Byrd moves for leave to proceed in forma pauperis [D.E. 2]. As explained below, the court dismisses the action under 28 U.S.C. § 1915(g).

Byrd names Leslie Cooley Dismukes, the Secretary of the North Carolina Department of Adult Correction ("NCDAC"), and the NCDAC as defendants. See [D.E. 1] 1. Byrd alleges the state trial court "impose[d] three active prison sentence[s] upon this indigent criminal defendant, who was not provided the assistance of counsel during his October 27th, 2015, criminal trial, who had not made a competent knowingly, intelligently and voluntarily waiver of his Sixth Amendment right to counsel on May 1st, of 2014, at the age of 66." Id. at 2. Byrd seeks a declaratory judgment and injunctive relief "enjoining the defendants from their further enforcement[] of the unconstitutional and the illegally imposed three active prison sentences." Id. at 1.

The Prison Litigation Reform Act's ("PLRA") three-strikes provision allows the court to dismiss a prisoner's action if the prisoner has not paid his filing fees and "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Blakely v. Wards, 738 F.3d 607, 610–11 (4th Cir. 2013) (en banc); Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006). Byrd used his three strikes. See Byrd v. Eagles, No. 1:03-CV-1110, [D.E. 8] (M.D.N.C. May 3, 2004) (unpublished), aff'd, 109 F. App'x 602 (4th Cir. 2004) (per curiam) (unpublished); Byrd v. Easley, No. 5:01-CT-803, [D.E. 6] (E.D.N.C. Nov. 29, 2001) (unpublished); Byrd v. Castle Bail Bond Co., No. 1:00-CV-355, [D.E. 6] (M.D.N.C. June 1, 2000) (unpublished). Byrd routinely receives dismissals under section 1915(g). See Byrd v. Off. of the N.C. Att'y Gen., No. 5:19-CT-3212, [D.E. 11] (E.D.N.C. Feb. 26, 2020) (unpublished).

To avoid dismissal and proceed without prepayment of the filing fee, Byrd must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished); Smith v. Mayes, 358 F. App'x 411, 411–12 (4th Cir. 2009) (per curiam) (unpublished); Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished). "Vague, speculative, or conclusory allegations are insufficient to invoke" this exception. See Johnson, 200 F. App'x at 272. Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050.

2

Byrd fails to plausibly allege that he is presently under imminent danger of serious physical injury. Thus, Byrd cannot show that this action should proceed under the exception to the PLRA's three-strikes rule.

In sum, the court DENIES plaintiff's request to proceed in forma pauperis [D.E. 2] and DISMISSES the action under 28 U.S.C. § 1915(g). The clerk shall close the case.

SO ORDERED. This 3 day of November, 2025.

JAMES C. DEVER III
United States District Judge