IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3195-D

HENRY CLIFFORD BYRD, SR.,      )
                               )
          Plaintiff,           )
                               )
     v.                        )     ORDER
                               )
LESLIE COOLEY DISMUKES,        )
                               )
          Defendant.           )

On September 2, 2025, Henry Clifford Byrd, Sr. ("Byrd" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On November 3, 2025, the court denied Byrd's request to proceed in forma pauperis and dismissed the action under 28 U.S.C. § 1915(g) [D.E. 6]. On the same date, the clerk entered judgment [D.E. 7]. On November 17, 2025, Byrd moved for reconsideration of the court's November 3, 2025 order [D.E. 8]. On December 5, 2025, Byrd appealed [D.E. 9, 10].

Byrd alleges the court erred by "not appl[ying] and consider[ing] the proposed exception to the imminent dangerous prong of Title 28 U.S.C. Section 1915(g)." [D.E. 8] 1. Byrd argues that his three active prison sentences are unconstitutional, threaten him with impending danger, and cause him immediate damage. See id. at 1–11. Byrd alleges the transcript from a status hearing in Forsyth County Superior Court on May 1, 2014, demonstrates that the court violated his Sixth Amendment rights. See id. Byrd asks the court to reconsider denying his request to proceed in forma pauperis based on the dangerousness of continuing to impose his three active prison sentences. See id.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Although Rule 59(e) does not specify a standard for granting a motion to alter or amend, the Fourth Circuit recognizes only three reasons for granting a motion under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); see Gilliam v. Allen, 62 F.4th 829, 848 (4th Cir. 2023); Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020); Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Byrd does not demonstrate any error, much less a clear error, in the court's order. Byrd's complaint concerns the prosecution of his criminal case in 2014 and 2015. See [D.E. 1] 1–22; [D.E. 1-1] 1–47; [D.E. 8] 1–11. Byrd does not establish that he is under imminent danger of serious physical injury. See, e.g., South Carolina v. Smalls, No. 9:24-CV-5632-RMG-MHC, 2025 WL 714227, at *3 (D.S.C. Jan. 17, 2025) (unpublished), report and recommendation adopted, 2025 WL 713824 (D.S.C. Mar. 5, 2025) (unpublished); Foster v. McMaster, C/A No. CV 7:21-2910-TMC-MHC, 2021 WL 6494771, at *4 (D.S.C. Sept. 27, 2021) (unpublished), report and recommendation adopted, 2021 WL 5936844 (D.S.C. Dec. 16, 2021) (unpublished); Foster v. Powell, No. 7:20-3252-TMC-MHC, 2021 WL 822297, at *6 (D.S.C. Jan. 11, 2021) (unpublished), report and recommendation adopted, 2021 WL 346534 (D.S.C. Feb. 2, 2021) (unpublished);

2

Brown-Bey v. Hooks, No. 3:18-CV-83, 2018 WL 10609714, at *1–2 (W.D.N.C. Apr. 27, 2018) (unpublished). Thus, the court denies the motion for reconsideration.

To the extent Byrd seeks relief under Federal Rule of Civil Procedure 60(b), his motion fails. "Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, . . . the void or prospectively inequitable status of a judgment," or "any other reason that justifies relief." BLOM Bank SAL v. Honickman, 605 U.S. 204, 210 (2025) (cleaned up); see Fed. R. Civ. P. 60(b); Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that he has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant relief. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he also must "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Byrd fails to establish a meritorious claim or defense. Even if Byrd established a meritorious claim or defense, he fails to establish exceptional circumstances. Thus, Byrd fails to meet Rule 60(b)'s requirements.

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 8].

SO ORDERED. This 11 day of December, 2025.

JAMES C. DEVER III
United States District Judge